UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| RODNEY GRUBBS, ) | Case No. 23-05593-RLM-7 |
| ) | |
| Debtor. ) | |

**OPPOSITION TO GRUBBS' MOTION FOR EXTENSION
OF TIME TO RESPOND TO INVOLUNTARY PETITION**

Petitioners Jennifer Butler, Andrew Evans, Melody Woodsum, Eldonna Coates, Jack Handy, Greg Hilligos, and Branch Lew ("Petitioners"), by counsel, respectfully but **adamantly** oppose Rodney Grubbs' motion for an extension of time to respond to their "Involuntary Petition" to force him into Chapter 7 bankruptcy. In support, Petitioners state:

1. Contrary to his claims, Grubbs almost certainly has sought an extension to buy him more time to continue his massive fraud scheme (described below) and to hide or dissipate assets before this Court enters an order for relief and the trustee takes control of Grubbs' property.

2. Initially, Grubbs has had three weeks to find counsel since he was served, which is plenty of time, given, to quote Grubbs, the "serious nature of this case." Importantly, Grubbs does not even claim he has tried but failed to hire counsel.[1] If Grubbs truly cannot hire counsel, there can be just two self-inflicted barriers: Grubbs' position in this case is hopeless, and anyone Grubbs hires would doubtless be paid with money obtained by fraud, since Grubbs seems to have had little or no legitimate income for many years.

---

[1] In fact, Grubbs has repeatedly stated to numerous people that he does have attorneys representing him in this matter. He is therefore lying, either to his victims or to this Court.

3. Grubbs is a serial defrauder who has victimized at least 100 people and, upon information and belief, continues to take money from new victims even today. Grubbs for many years has persuaded individuals in Indiana and across the country to make "investments" in his businesses – originally, an alleged real estate firm, and then for the past decade his tiny pickleball equipment and apparel company. These "investments" were made through personal loans to Grubbs which he exchanged for personal promissory notes, all in great secrecy ("Don't tell anyone else about this"). Upon information and belief, Grubbs has never fully repaid any of those loans except for one – and that lone repayment was a failed attempt to silence investors who began publicizing his shady activity in December 2023.

4. Upon information and belief, Grubbs' fraudulent scheme has netted him at least $10 million, and perhaps much more, in money wrongfully obtained and retained. It's clear that Grubbs has always known exactly what he is doing and whom he is hurting. Grubbs has also <u>admitted</u> paying earlier investors with money borrowed from new investors (the textbook definition of a Ponzi scheme). In addition, now that the whistle is blown, Grubbs is being <u>actively</u> investigated for criminal violations by at least two federal agencies and the Indiana Secretary of State's Securities Division.

5. The Petitioners sought to force Grubbs into bankruptcy because it offers the best chance for them, collectively, (a) to stop Grubbs from defrauding newer unaware "investors" and (b) to collect the greatest possible amount of money for proportionate distribution to <u>all</u> of Grubbs' victims. Though just seven Petitioners initiated this case, the undersigned now represents more than 90 Grubbs victims who hope, who pray, that forcing him into bankruptcy will yield at least some recovery for them and the group as a whole.

6. For these reasons, this Court should deny Grubbs' request for an extension of time to respond to the Petition. If it balks at an outright denial, the Court alternatively should give him a

much shorter period, e.g., 5-7 days, to (supposedly) find counsel, or schedule a hearing so Grubbs can be questioned under oath about his supposed attorney search and how he really intends to use the additional time if his motion is granted.

**WHEREFORE**, Petitioners respectfully pray that this Court enter an Order:

A. Denying Grubbs' request for an extension of time to respond to Petitioners' involuntary petition; or

B. In the alternative, granting Grubbs a shorter period (e.g., 5-7 days) to seek counsel for this case; or

C. In the alternative, scheduling a hearing so Grubbs may be questioned under oath about his efforts to hire counsel and how he really intends to use the additional time he seeks; and

D. Granting Petitioners all other just and appropriate relief.

Respectfully submitted,



Matthew Foster (Indiana No. 16400-49)

Foster Law LLC
9511 Angola Court, Suite 310
Indianapolis IN 46268
Telephone (317) 399-4686
Email matt@fosterlaw.llc (fax n/a)

Attorney for Petitioners

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 16, 2024, a true copy of the foregoing was filed electronically. Notice of this filing will be sent through the Court's Electronic Case Filing System and it may be accessed through such system. In addition, a copy of the foregoing has been sent by first class, prepaid U.S. mail to Rodney Grubbs, 316 East 11th Street, Brookville IN 47012.

Matthew Foster
Attorney for Petitioners