UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| RODNEY GRUBBS, | ) | Case No. 23-05593-RLM-7 |
| | ) | |
| Debtor. | ) | |

### REPLY TO GRUBBS' "ANSWER" AND MOTION FOR IMMEDIATE ENTRY OF ORDER FOR RELIEF [RESUBMITTED]

Petitioners Jennifer Butler, Andrew Evans, Melody Woodsum, Eldonna Coates, Jack Handy, Greg Hilligos, and Branch Lew ("Petitioners"), by counsel, respectfully ask for immediate entry of an Order for Relief in this cause. In support, Petitioners state:

1.  Grubbs' "Answer" reads more like a pitch for timeshares than a court filing, and it utterly fails as a response to the Petition. Nothing in the "Answer" controverts Petitioners' or the Petition's legitimacy and correctness under 11 U.S.C. § 303 and Fed. R. Bankr. P. 1011(b). If anything, the Answer assumes the Petition is true and proper before spending pages touting the "tremendous growth trajectory" of pickleball – a discourse that, while somewhat related, has no legal or factual bearing on this proceeding.

2.  Under Fed. R. Civ. P. 8(b), which applies via Rules 1018 and 7008, Grubbs had to "state in short and plain terms [his] defenses to each claim asserted against [him]." Grubbs also was required to specifically "admit or deny the allegations asserted" by Petitioners. Grubbs' Answer does none of that. It denies no allegations and raises no cognizable defenses.[1] Grubbs' filing is

---

[1] Interestingly, but not surprisingly, Grubbs has not tried to refute the allegations of fraud and other wrongdoing made in Petitioners' recent "Opposition to Grubbs' Motion for Extension of Time to Respond to Involuntary Petition."

therefore not a proper "answer," meaning the Petition has not been "controverted" <u>at all</u>. This Court accordingly "shall order relief against the debtor" under Chapter 7 pursuant to 11 U.S.C. § 303(h).

3. Grubbs does purport to "oppose" the Petition, but his supporting assertions do not remotely controvert it and only prove the urgent need for an immediate Order for Relief:

   a. Grubbs' first assertion boils down to "I don't have enough money to satisfy the creditors and my assets are depleting." These assertions (which Petitioners do not dispute) amount to Grubbs' conceding the aptness of a Chapter 7 case and issuance of an Order for Relief.

   b. Grubbs' second contention – that "[t]here are no less than 250 outstanding lenders who would participate in the distribution of proceeds from a sale of all the non-exempt assets" – further justifies an immediate Order for Relief. Though the number of note lenders Grubbs cites is shocking (and none of them have been paid), Petitioners initiated this case <u>precisely</u> so all creditors can "participate in the distribution of proceeds."[2]

   c. Grubbs' third ground cements that an Order for Relief is urgently needed and warranted. The judgments he cites (which in fact total **$5,675,856.94** and are attached) – plus a third Franklin County judgment for nearly **$5 million** (also attached), plus no less than 250 other creditors who likely are owed at least another **$5 million**, plus his admission of "very limited remaining cash assets" – conclusively prove the desperation of Grubbs' situation.

4. Finally, Petitioners take issue with Grubbs' suggestion that Chapter 11 "may be more helpful to the creditors" because the "business can be preserved and restructured" and "allow lenders to become shareholders of the company and participate in all future profits." This would-be primer has multiple problems:

---

[2] Grubbs omits to mention he secured the "no less than 250 outstanding lenders" through a years-long and nationwide fraudulent exploitation of pickleballers and other innocent victims. In a partial response, Grubbs and Pickleball Rocks have been enjoined from certain business activity by a "Cease and Desist Order" from the Indiana Secretary of State's Securities Division (copy attached), with more sanctions to come. Grubbs also continues to be under criminal investigation by at least two federal agencies.

a. Initially, the bankruptcy sought here is not for Grubbs' business, except so far at the business is his personal asset. The bankruptcy will be for Grubbs <u>personally</u>, based on his failure to pay (among other debts) <u>personal</u> unsecured notes that were not tied to any definite business or other asset.

b. Grubbs has not requested a Chapter 11 case, which would first require his consent to this Chapter 7 case and then a specific request for conversion. See 11 U.S.C. § 706(c). Grubbs has not consented, and his only case chapter request occurs when he "beg[s] the court to consider any option" that will allow creditors to recover money. Presumably, "any option" includes Chapter 7 as sought here (so perhaps Grubbs has consented to the Petition after all).

c. Finally, even if Grubbs consented to Chapter 7 and then requested conversion to Chapter 11, his prepetition fraud and other bad faith – as already established by, for example, the attached judgments and order – make him ineligible for conversion even if he were to ask for it. See <u>Marrama v. Citizens Bank of Massachusetts</u>, 549 U.S. 365, 367, 374 127 S. Ct. 1105, 166 L.Ed.2d 956 (2007).

**WHEREFORE**, Petitioners respectfully pray that this Court:

A. Find that Grubbs' "Answer" neither controverts the Petition nor properly challenges either Petitioners' or the Petition's legitimacy and correctness under 11 U.S.C. § 303 and Fed. R. Bankr. P. 1011(b);

B. Immediately enter an Order for Relief; and

C. Grant Petitioners all other just and appropriate relief.

Respectfully submitted,

_____
Matthew Foster (Indiana No. 16400-49)

Foster Law LLC
9511 Angola Court, Suite 310
Indianapolis IN 46268
Telephone (317) 399-4686
Email matt@fosterlaw.llc (fax n/a)

Attorney for Petitioners

3

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 24, 2024, a true copy of the foregoing was filed electronically. Notice of this filing will be sent through the Court's Electronic Case Filing System and it may be accessed through such system. In addition, a copy of the foregoing has been sent by first class, prepaid U.S. mail to Rodney Grubbs, 316 East 11th Street, Brookville IN 47012.

_____
Matthew Foster
Attorney for Petitioners