UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| RODNEY GRUBBS, ) | Case No. 23-05593-RLM-7 |
| ) | |
| Debtor. ) | |

## MOTION FOR RULE 2004 ORDER DIRECTING PRODUCTION OF DOCUMENTS AND INFORMATION BY US BANK, NA

Petitioning creditors ("Petitioners"), by counsel, pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure, respectfully move for entry of an Order directing non-party US Bank, NA ("US Bank") to produce the documents and information set forth in the proposed Order attached as **Exhibit A** to this Motion. In support, the Petitioners state:

### Jurisdiction

1. This Court has subject matter jurisdiction to decide this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b) and venue is proper under 28 U.S.C. § 1408. This Motion is brought pursuant to Fed. R. Bankr. P. 2004.

### Background

2. On December 17, 2023, Petitioners filed a Petition for Involuntary Bankruptcy ("Petition") against the Debtor, Rodney Grubbs.[1]

3. On February 7, 2024, this Court conducted an evidentiary hearing on the Petition and ordered Grubbs into a Chapter 7 bankruptcy. Later the same date, Joanne Friedlander was

---

[1] The Petition was amended slightly on December 19, 2023 to change the form of Petitioners' signatures.

appointed Trustee for the case.

4. Petitioners are qualified creditors of the Debtor with valid unsecured claims.

5. This Court has heard <u>uncontroverted</u> evidence that Grubbs wrongly and illegally took money from Petitioners and other individuals over several years. The amount Grubbs stole from these persons via his pattern of fraud and misappropriation likely totals $15 to $20 million dollars, and perhaps even more.

6. Grubbs has never denied that he wrongly took money from Petitioners and other creditors, nor has he ever denied that he lied to them about promised repayments. At the February 7 hearing, Grubbs also asserted his Fifth Amendment rights and refused to answer when asked "What happened to the money?" Grubbs did self-servingly offer, however, that he is now "broke," with little or no money in any bank accounts or from other sources.

7. Based on his history of lies and his refusals to testify, Petitioners do **NOT** believe that Grubbs is "broke" or has no money.[2] On the contrary, it is far more likely that Grubbs has tried to hide, launder, or fraudulently transfer assets to keep large sums of money and other property out of the reach of creditors.

8. Given the facts and status of this matter, it is urgently necessary for Petitoiners to obtain and analyze key documents and information from non-parties, starting with Grubbs' complete and unredacted banking records. These records will provide critical information about Grubbs' use, transfer, and/or concealment of the money wrongly taken from hundreds of creditors, and thus greatly assist in the administration of this case and, ultimately, the recovery and payment of funds to Grubbs' creditors.

---

[2] These same factors – i.e., the certainty that Grubbs will lie again and/or plead the Fifth Amendment – would render fruitless any attempt to depose Grubbs about the stolen money or the location of his assets.

## Relief Requested

9.  Petitioners seek an Order pursuant to Rule 2004 requiring US Bank, N.A. to produce all the documents and information listed in the proposed Order attached as Exhibit A, so that Petitioners are able to investigate assets of the estate, determine if assets have been hidden or fraudulently transferred, and identify other claims the estate and/or creditors may have.

10. Rule 2004 provides, in relevant part, as follows:

> (a) <u>Examination on Motion</u>. On motion of any party in interest, the court may order the examination of any entity.
>
> (b) <u>Scope of Examination</u>. The examination of an entity under this rule or of the debtor under § 343 of the Code may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge.
>
> \* \* \*
>
> (c) <u>Compelling Attendance and Production of Documents or Electronically Stored Information</u>. The attendance of an entity for examination and for the production of documents or electronically stored information, whether the examination is to be conducted within or without the district in which the case is pending, may be compelled as provided in Rule 9016 for the attendance of a witness at a hearing or trial. As an officer of the court, an attorney may issue and sign a subpoena on behalf of the court where the case is pending if the attorney is admitted to practice in that court.

11. Petitioners are "parties of interest" in this matter and are thus entitled to seek information and discovery under Rule 2004.

12. "[T]he scope of a Rule 2004 examination is exceptionally broad, a principle which is peculiar to bankruptcy law to allow discovery of any matter which may affect the administration of a debtor's estate." <u>In re Sheehan</u>, 625 B.R. 72, 76 (Bankr. N.D. Ill. 2021) (citation omitted). As Judge Grant of the Northern District wrote in 2011:

3

> The scope of such an examination is quite broad, relating to just about anything that deals with the debtor's actions, assets, liabilities or financial affairs, its right to a discharge, or any matter affecting the administration of the bankruptcy estate. It can be as simple as where are the keys to the filing cabinet or as complex as what happened to the money? It may also be used to examine creditors and third parties who have had dealings with the debtor.... A Rule 2004 examination has often been characterized as a "fishing expedition" both because of its breadth and the context within which it occurs.

In re Sheetz, 452 B.R. 746, 748 (Bankr. N.D. Ind. 2011) (citations and quotations omitted).

13. This Court – based on its own observations of Grubbs at the February 7, 2024 hearing, Grubbs' failure to attempt any dispute of Petitioners' claims of fraud and wrongdoing, and his refusal to answer even basic questions about the stolen money – has more than ample factual justification for ordering the requested (and critically necessary) relief sought herein by Petitioners. Moreover, everything sought by this Motion is well within the Court's power to order under Rule 2004.

## Notice

14. Petitioners will serve notice of this Motion upon the Debtor, the non-party from whom the documents and information are sought, and all other parties to this action.

## No Prior Relief

15. Petitioners have not previously sought the relief sought by this Motion.

**WHEREFORE**, Petitioners pray that this Court:

   A. Grant Petitioners' Rule 2004 Motion;

   B. Issue a "Rule 2004 Order Directing Production of Documents and Information by US Bank" in the form attached hereto as **Exhibit A**, directing

US Bank to produce to Petitioners all documents, information, and items listed therein; and

C. Grant Petitioners all other just and appropriate relief.

Respectfully submitted,

/s/ Matthew Foster
Matthew Foster (Indiana No. 16400-49)

Foster Law LLC
9511 Angola Court, Suite 310
Indianapolis IN 46268
Telephone (317) 399-4686
Email matt@fosterlaw.llc (fax n/a)

Attorney for Petitioners

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 1, 2024, a true copy of the foregoing was filed electronically. Notice of this filing will be sent through the Court's Electronic Case Filing System and it may be accessed through such system.

/s/ Matthew Foster
Attorney for Petitioners

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| RODNEY GRUBBS, | ) | Case No. 23-05593-RLM-7 |
| | ) | |
| Debtor. | ) | |

**RULE 2004 ORDER DIRECTING PRODUCTION OF
DOCUMENTS AND INFORMATION BY US BANK**

The Court, having received and considered Petitioners' "Motion for Rule 2004 Order Directing Production of Documents and Information by US Bank, NA," and being duly and fully advised, finds that the Motion is supported by cause and should be and hereby is **GRANTED**.

**IT IS THEREFORE ORDERED** as follows:

1. US Bank, NA, within 21 days of the issuance of this Order, shall produce and deliver to Petitioners' counsel, Matthew Foster, Foster Law LLC, 9511 Angola Court, Suite 310, Indianapolis IN 46268 ("Foster Law"), all the documents, information, and other items listed in the "Rule 2004 Requests" included as **Schedule 1** to this Order.

2. US Bank thereafter shall produce and deliver to Foster Law all additional documents, information, and other items requested by Petitioners because of their receipt and review of the documents, information, and items produced pursuant to this Order.

3. The clerk shall serve a copy of this Order to US Bank by first-class, U.S. mail sent to its business location at 425 Walnut Street, Cincinnati OH 45202, and such delivery shall be deemed good and sufficient service.

Dated: _____   _____
                                  Hon. Robyn Moberly, Judge
                                  United States Bankruptcy Court
                                  Southern District of Indiana

*Distribution to all parties and counsel of record via ECF*

# SCHEDULE I

## RULE 2004 REQUESTS

### Definitions

1. "Debtor" means Rodney Grubbs.

2. "Debtor's Businesses" means, as the context requires, any or all of Your Business Ignited, LLC, Tasty Legends, My Neighborhood Team, All About Pickleball, LLC, Pickleball Rocks, Sports Blast USA, LLC, New Level Financial, LLC, and any other companies, businesses, or enterprises directly or indirectly owned or controlled by the Debtor.

3. "Documents" include all items encompassed within the most expansive understanding of the terms, including but not limited to "Documents or electronically stored information" as discussed and defined in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate Document within the meaning of this term.

4. "Information" includes, without limitation, facts, data, opinion, images, characters, impressions, concepts, and formulae.

5. "Communication" means any transmittal or exchange of information between or among any persons by any means, including without limitation email, texts, video or audio calls, letters, and oral conversations.

6. "Person" means any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

7. "Thing" means any tangible object encompassed within the most inclusive definition of this term in any decision from a court in this or any other controlling jurisdiction, including, but not limited to, any tangible things that constitute or contain matters within the scope of Rule 26(b) of the Federal Rules of Civil Procedure.

8. As the context may require, the singular form of any word includes the plural, and the plural form of any word includes the singular.

9. The terms "all," "any," and "each" encompass any and all.

10. The connectives "and" and "or" are broadly construed, including either disjunctively or conjunctively as appropriate, as necessary to bring within the scope of these requests all documents, information, and items that might otherwise be construed to be outside their scope.

# SCHEDULE I

### Requests

1. Copies of all records, statements, communications, correspondence, notes, notarizations, and other documents and items since and including January 1, 2010:

    a. naming, mentioning, or concerning the Debtor or any of the Debtor's Businesses, or

    b. issued or created for or concerning any account (i) in the name of the Debtor, or (ii) in the name of any of the Debtor's Businesses, or (iii) to which the Debtor had access as a signatory or otherwise, or (iv) that was directly or indirectly owned, held, or controlled by the Debtor, including but not limited to the account ending in x0133.

2. Copies of the fronts and backs of all checks since and including January 1, 2010:

    a. naming, mentioning, or concerning the Debtor or any of the Debtor's Businesses, or

    b. drawn on or deposited into or concerning any account (i) in the name of the Debtor, or (ii) in the name of any of the Debtor's Businesses, or (iii) to which the Debtor had access as a signatory or otherwise, or (iv) that was directly or indirectly owned, held, or controlled by the Debtor, including but not limited to the account ending in x0133.

3. Copies of all wire transfer requests and receipts, deposit and withdrawal slips and receipts, bank checks, cashier's checks, and all other instruments or documentation of transactions since and including January 1, 2010:

    a. naming, mentioning, or concerning the Debtor or any of the Debtor's Businesses, or

    b. issued or created for, drawn on or deposited into, or concerning any account (i) in the name of the Debtor, or (ii) in the name of any of the Debtor's Businesses, or (iii) to which the Debtor had access as a signatory or otherwise, or (iv) that was directly or indirectly owned, held, or controlled by the Debtor, including but not limited to the accounts ending in x0133.

# SCHEDULE I

4. To the extent not encompassed by the preceding requests, documents and items sufficient to show and identify all business, banking, and financial communications and activity of any kind since and including January 1, 2010:

    a. Concerning or pertaining to the Debtor or any of the Debtor's Businesses, or

    b. Concerning or pertaining to any account (i) in the name of the Debtor, or (ii) in the name of any of the Debtor's Businesses, or (iii) to which the Debtor had access as a signatory or otherwise, or (iv) that was directly or indirectly owned, held, or controlled by the Debtor, including but not limited to the accounts ending in x0133.