**SO ORDERED: March 6, 2024.**



_____
**Robyn L. Moberly
United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| RODNEY GRUBBS, | ) | Case No. 23-05593-RLM-7 |
| | ) | |
| Debtor. | ) | |

ORDER GRANTING MOTION FOR RULE 2004 ORDER DIRECTING
PRODUCTION OF DOCUMENTS AND INFORMATION BY FCN BANK, NA

The Court, having received and considered Petitioners' Amended "Motion for Rule 2004 Order Directing Production of Documents and Information by FCN Bank, NA" [Doc. No. 37] and being duly and fully advised, finds that the Motion is supported by cause and should be and hereby is **GRANTED**.

**IT IS THEREFORE ORDERED** as follows:

1. FCN Bank, NA, within 21 days of the issuance of this Order, shall produce and deliver to Petitioners' counsel, Matthew Foster, Foster Law LLC, 9511 Angola Court,

Suite 310, Indianapolis IN 46268 ("Foster Law"), all the documents, information, and other items listed in the "Rule 2004 Requests" included as **Schedule 1** to this Order.

2. FCN Bank thereafter shall produce and deliver to Foster Law all additional documents, information, and other items requested by Petitioners because of their receipt and review of the documents, information, and items produced pursuant to this Order.

### # # #

# SCHEDULE 1

## RULE 2004 REQUESTS [FCN BANK]

### Definitions

1.      "Debtor" means Rodney Grubbs.

2.      "Debtor's Businesses" means, as the context requires, any or all of Your Business Ignited, LLC, Tasty Legends, My Neighborhood Team, All About Pickleball, LLC, Pickleball Rocks, Sports Blast USA, LLC, New Level Financial, LLC, and any other companies, businesses, or enterprises directly or indirectly owned or controlled by the Debtor.

3.      "Documents" include all items encompassed within the most expansive understanding of the terms, including but not limited to "Documents or electronically stored information" as discussed and defined in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate Document within the meaning of this term.

4.      "Information" includes, without limitation, facts, data, opinion, images, characters, impressions, concepts, and formulae.

5.      "Communication" means any transmittal or exchange of information between or among any persons by any means, including without limitation email, texts, video or audio calls, letters, and oral conversations.

6.      "Person" means any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

7.      "Thing" means any tangible object encompassed within the most inclusive definition of this term in any decision from a court in this or any other controlling jurisdiction,

## SCHEDULE 1 (cont.)

including, but not limited to, any tangible things that constitute or contain matters within the scope of Rule 26(b) of the Federal Rules of Civil Procedure.

8. As the context may require, the singular form of any word includes the plural, and the plural form of any word includes the singular.

9. The terms "all," "any," and "each" encompass any and all.

10. The connectives "and" and "or" are broadly construed, including either disjunctively or conjunctively as appropriate, as necessary to bring within the scope of these requests all documents, information, and items that might otherwise be construed to be outside their scope.

### Requests

1. Copies of all records, statements, communications, correspondence, notes, notarizations, and other documents and items since and including January 1, 2010:

    a. naming, mentioning, or concerning the Debtor or any of the Debtor's Businesses, or

    b. issued or created for or concerning any account (i) in the name of the Debtor, or (ii) in the name of any of the Debtor's Businesses, or (iii) to which the Debtor had access as a signatory or otherwise, or (iv) that was directly or indirectly owned, held, or controlled by the Debtor, including but not limited to the accounts ending in x4071 and x3463.

2. Copies of the fronts and backs of all checks since and including January 1, 2010:

      a.      naming, mentioning, or concerning the Debtor or any of the Debtor's Businesses, or

      b.      drawn on or deposited into or concerning any account (i) in the name of the Debtor, or (ii) in the name of any of the Debtor's Businesses, or (iii) to which the Debtor had access as a signatory or otherwise, or (iv) that was directly or indirectly owned, held, or controlled by the Debtor, including but not limited to the accounts ending in x4071 and x3463.

3.      Copies of all wire transfer requests and receipts, deposit and withdrawal slips and receipts, bank checks, cashier's checks, and all other instruments or documentation of transactions since and including January 1, 2010:

      a.      naming, mentioning, or concerning the Debtor or any of the Debtor's Businesses, or

      b.      issued or created for, drawn on or deposited into, or concerning any account (i) in the name of the Debtor, or (ii) in the name of any of the Debtor's Businesses, or (iii) to which the Debtor had access as a signatory or otherwise, or (iv) that was directly or indirectly owned, held, or controlled by the Debtor, including but not limited to the accounts ending in x4071 and x3463.

4.      To the extent not encompassed by the preceding requests, documents and items sufficient to show and identify all business, banking, and financial communications and activity of any kind since and including January 1, 2010:

# SCHEDULE 1 (cont.)

a. Concerning or pertaining to the Debtor or any of the Debtor's Businesses, or

b. Concerning or pertaining to any account (i) in the name of the Debtor, or (ii) in the name of any of the Debtor's Businesses, or (iii) to which the Debtor had access as a signatory or otherwise, or (iv) that was directly or indirectly owned, held, or controlled by the Debtor, including but not limited to the accounts ending in x4071 and x3463.

### ###