UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE:                                    )
                                          )
RODNEY GRUBBS,                            )          Case No. 23-05593-RLM-7
                                          )
        Debtor.                           )


## MOTION FOR RULE 2004 ORDER DIRECTING PRODUCTION BY ADDITIONAL NON-PARTIES

Petitioning creditors ("Petitioners"), by counsel, pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure, respectfully move for entry of an Order directing non-parties Capital One, N.A. ("Capital One"), Bank of America, N.A, ("Bank of America"), Fifth Third Bank, N.A./Fifth Third Bancorp ("Fifth Third"), Emery Federal Credit Union ("Emery"), and 3Rivers Federal Credit Union ("3Rivers") each to produce the documents and information set forth in the proposed Order attached as **Exhibit A** to this Motion. In support, the Petitioners state:

### Jurisdiction

1.      This Court has subject matter jurisdiction to decide this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b) and venue is proper under 28 U.S.C. § 1408. This Motion is brought pursuant to Fed. R. Bankr. P. 2004.

### Background and Relief Sought

2.      Petitioners incorporate and restate the "Background" and "Relief Sought" parts of its March 1, 2024 "Motion for Rule 2004 Order Directing Production of Documents and Information by FCN Bank, NA" [Doc. No. 37] as though such sections were fully restated herein.

3. 3Rivers is included in this Motion because, in 2019, it purchased West End Bank, SB, with whom Debtor reportedly had an account. West End Bank's records through 2019 are presumably now possessed and controlled by 3Rivers.

### Notice

4. Petitioners will serve notice of this Motion upon the Debtor, the non-parties from whom documents and information are sought, and all other parties to this action.

### No Prior Relief Concerning the Additional Non-Parties

5. Petitioners have previously sought and been granted relief under Fed. R. Bankr. P. 2004 concerning two non-parties (US Bank, NA and FCN Bank, NA) who are not named in this Motion [Doc Nos. 39 and 40]. However, Petitioners have not previously moved for relief under Rule 2004 concerning the additional non-parties named in this Motion.

**WHEREFORE**, Petitioners pray that this Court:

A. Grant Petitioners' Rule 2004 Motion;

B. Issue a "Rule 2004 Order Directing Production of Documents and Information" in the form attached hereto as **Exhibit A**, directing Capital One, Bank of America, Fifth Third, Emery, and 3Rivers each to produce to Petitioners all documents, information, and items listed therein, with 3Rivers' response to include responsive documents, information, and items possessed or controlled by West End Bank, SB, prior to its acquisition by 3Rivers in 2019; and

C. Grant Petitioners all other just and appropriate relief.

Respectfully submitted,

/s/ Matthew Foster
Matthew Foster (Indiana No. 16400-49)

Foster Law LLC
9511 Angola Court, Suite 310
Indianapolis IN 46268
Telephone (317) 399-4686
Email matt@fosterlaw.llc (fax n/a)

Attorney for Petitioners


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 21, 2024, a true copy of the foregoing was filed electronically. Notice of this filing will be sent through the Court's Electronic Case Filing System and it may be accessed through such system.

/s/ Matthew Foster
Attorney for Petitioners

3

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE:                                          )
                                                )
RODNEY GRUBBS,                                  )          Case No. 23-05593-RLM-7
                                                )
                        Debtor.                 )

**ORDER GRANTING MOTION FOR RULE 2004 ORDER
DIRECTING PRODUCTION BY ADDITIONAL NON-PARTIES**

The Court, having received and considered Petitioners' "Motion for Rule 2004 Order

Directing Production by Additional Non-Parties" [Doc. No. ___], and being duly and fully

advised, finds that the Motion is supported by cause and should be and hereby is **GRANTED**.

**IT IS THEREFORE ORDERED** as follows:

1.  Within 21 days of the issuance of this Order, non-parties Capital One, NA, Bank of

    America, NA, Fifth Third Bank, NA/Fifth Third Bancorp, Emery Federal Credit

    Union, and 3Rivers Federal Credit Union shall each produce and deliver to

# EXHIBIT A

Petitioners' counsel, Matthew Foster, Foster Law LLC, 9511 Angola Court, Suite 310, Indianapolis IN 46268 ("Foster Law"), all the documents, information, and other items listed in the "Rule 2004 Requests" included as **Schedule 1** to this Order.

2.  3Rivers Federal Credit Union's response shall include responsive documents, information, and items possessed or controlled by West End Bank, SB, prior to its acquisition by 3Rivers in 2019.

3.  The non-parties named in this Order shall thereafter produce and deliver to Foster Law all additional documents, information, and other items requested by Petitioners because of their receipt and review of the documents, information, and items produced pursuant to this Order.

**# # #**

2

# SCHEDULE 1

## RULE 2004 REQUESTS

### Definitions

1. "Debtor" means Rodney Grubbs.

2. "Debtor's Businesses" means, as the context requires, any or all of Your Business Ignited, LLC, Tasty Legends, My Neighborhood Team, All About Pickleball, LLC, Pickleball Rocks, Sports Blast USA, LLC, New Level Financial, LLC, and any other companies, businesses, or enterprises directly or indirectly owned or controlled by the Debtor.

3. "Documents" include all items encompassed within the most expansive definitions and understandings of the term, including but not limited to "Documents or electronically stored information" as discussed and defined in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate Document within the meaning of this term.

4. "Information" includes, without limitation, facts, data, opinion, images, characters, impressions, concepts, and formulae.

5. "Communication" means any transmittal or exchange of information between or among any persons by any means, including without limitation email, texts, video or audio calls, letters, and oral conversations.

6. "Person" means any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

7. As the context may require, the singular form of any word includes the plural, and the plural form of any word includes the singular.

8. The terms "all," "any," and "each" encompass any and all.

i

# SCHEDULE 1 (cont.)

9.   The connectives "and" and "or" are broadly construed, including either disjunctively or conjunctively as appropriate, as necessary to bring within the scope of these requests all documents, information, and items that might otherwise be construed to be outside their scope.

## Requests

1.    Copies of all records, statements, communications, correspondence, notes, notarizations, and other documents and items since and including January 1, 2010:

    a.    naming, mentioning, or concerning the Debtor or any of the Debtor's Businesses, or

    b.    issued or created for or concerning any account, instrument, or fund (i) in the name of the Debtor, or (ii) in the name of any of the Debtor's Businesses, or (iii) to which the Debtor had access as a signatory or otherwise, or (iv) that was directly or indirectly owned, held, or controlled by the Debtor, or (v) that was used in any way by the Debtor or any of the Debtor's Businesses.

2.    Copies of the fronts and backs of all checks since and including January 1, 2010:

    a.    naming, mentioning, or concerning the Debtor or any of the Debtor's Businesses, or

    b.    drawn on or deposited into or concerning any account, instrument, or fund (i) in the name of the Debtor, or (ii) in the name of any of the Debtor's Businesses, or (iii) to which the Debtor had access as a signatory or otherwise, or (iv) that was directly or indirectly owned, held, or controlled by the Debtor, or (v) that was used in any way by the Debtor or any of the Debtor's Businesses.

# <u>SCHEDULE 1 (cont.)</u>

3.    Copies of all wire transfer requests and receipts, deposit and withdrawal slips and receipts, bank checks, cashier's checks, and all other instruments or documentation of transactions since and including January 1, 2010:

    a.    naming, mentioning, or concerning the Debtor or any of the Debtor's Businesses, or

    b.    issued or created for, drawn on or deposited into, or concerning any account, instrument, or fund (i) in the name of the Debtor, or (ii) in the name of any of the Debtor's Businesses, or (iii) to which the Debtor had access as a signatory or otherwise, or (iv) that was directly or indirectly owned, held, or controlled by the Debtor, or (v) that was used in any way by the Debtor or any of the Debtor's Businesses.

4.    To the extent not encompassed by the preceding requests, documents and items sufficient to show and identify all business, banking, and financial communications, transactions, information, and activity of any kind since and including January 1, 2010:

    a.    Concerning or pertaining to the Debtor or any of the Debtor's Businesses, or

    b.    Concerning or pertaining to any account, instrument, or fund (i) in the name of the Debtor, or (ii) in the name of any of the Debtor's Businesses, or (iii) to which the Debtor had access as a signatory or otherwise, or (iv) that was directly or indirectly owned, held, or controlled by the Debtor, or (v) that was used in any way by the Debtor or any of the Debtor's Businesses.

**### **