**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| RODNEY GRUBBS | ) | Case No.  23-05593-JJG-7A |
|     Debtor. | ) | |
| _____ | ) | |
| | ) | |
| JOANNE FRIEDMEYER, TRUSTEE | ) | |
|        Plaintiff, | ) | Adversary No. 25-50127 |
|    vs. | ) | |
| SCOTT SIEWERT, TERESA SIEWERT | ) | |
|     Defendants. | ) | |

**SUMMARY JUDGMENT NOTICE TO PRO SE PARTY**

**IMPORTANT NOTICE:**

**A MOTION FOR SUMMARY JUDGMENT AND BRIEF IN SUPPORT HAVE BEEN FILED AGAINST YOU AND ARE ENCLOSED WITH THIS NOTICE.**

**YOU ARE ADVISED THAT A FACT STATED IN THE STATEMENT OF MATERIAL FACTS PORTION OF THE ENCLOSED BRIEF AND SUPPORTED BY ADMISSIBLE EVIDENCE WILL BE ACCEPTED BY THE COURT AS TRUE UNLESS YOU, THE OPPOSING PARTY, CITES SPECIFIC ADMISSIBLE EVIDENCE CONTRADICTING THAT STATEMENT OF MATERIAL FACT.**

**BELOW ARE THE TEXT OF FEDERAL RULE OF CIVIL PROCEDURE 56 AND THE UNITED STATES BANKRUPTCY COURT'S LOCAL RULE 7056-1, WHICH DESCRIBE THE BANKRUPTCY COURT'S SUMMARY JUDGMENT PROCEDURE.**

**ANY RESPONSE TO THE ENCLOSED MOTION FOR SUMMARY JUDGMENT MUST BE FILED WITHIN 28 DAYS OF THE DATE OF THIS NOTICE.**

Federal Rules of Civil Procedure, Rule 56. Summary Judgment

(a) Motion for Summary Judgment or Partial Summary Judgment. A party may move for summary judgment, identifying each claim or defense — or the part of each claim or defense — on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

(b) Time to File a Motion. Unless a different time is set by local rule or the court orders

1

otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery.

(c) Procedures.

(1) Supporting Factual Positions. A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

(A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

(B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

(2) *Objection That a Fact Is Not Supported by Admissible Evidence.* A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.

(3) *Materials Not Cited.* The court need consider only the cited materials, but it may consider other materials in the record.

(4) *Affidavits or Declarations.* An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

(d) When Facts Are Unavailable to the Nonmovant. If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

(1) defer considering the motion or deny it;

(2) allow time to obtain affidavits or declarations or to take discovery; or

(3) issue any other appropriate order.

(e) Failing to Properly Support or Address a Fact. If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:

(1) give an opportunity to properly support or address the fact;

(2) consider the fact undisputed for purposes of the motion;

(3) grant summary judgment if the motion and supporting materials — including the facts considered undisputed — show that the movant is entitled to it; or

(4) issue any other appropriate order.

(f) Judgment Independent of the Motion. After giving notice and a reasonable time to respond, the court may:

(1) grant summary judgment for a nonmovant;

(2) grant the motion on grounds not raised by a party;or

(3) consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute.

(g) Failing to Grant All the Requested Relief. If the court does not grant all the relief requested by the motion, it may enter an order stating any material fact — including an item of damages or other relief — that is not genuinely in dispute and treating the fact as established in the case.

(h) Affidavit or Declaration Submitted in Bad Faith. If satisfied that an affidavit or declaration under this rule is submitted in bad faith or solely for delay, the court — after

notice and a reasonable time to respond — may order the submitting party to pay the other party the reasonable expenses, including attorney's fees, it incurred as a result. An offending party or attorney may also be held in contempt or subjected to other appropriate sanctions.

**S.D. Ind. B-7056-1. SUMMARY JUDGMENT PROCEDURE** (a) Movant's Obligations A party seeking summary judgment shall file and serve a supporting brief and any affidavits and other materials referred to in Fed.R.Civ.P. 56(c)(1) that the movant relies on to support the motion. The supporting brief shall be no more than 35 pages, unless the Court orders otherwise. The brief shall include a section labeled "Statement of Material Facts Not in Dispute" that lists the facts: (1) that are potentially determinative of the motion; and (2) as to which the movant contends no genuine issue exists. (b) Non-Movant's Obligations A party opposing a summary judgment motion shall, within 28 days after the movant serves the motion, file and serve a response brief and any affidavits and other materials referred to in Fed.R.Civ.P. 56(c)(1) that the party relies on to oppose the motion. The response brief shall be no more than 35 pages, unless the Court orders otherwise. The response shall include a section labeled "Statement of Material Facts in Dispute" that identifies the potentially determinative facts that the party contends demonstrate a dispute of fact precluding summary judgment. (c) Reply The movant may file and serve a reply brief within 14 days after a response is served. The reply brief shall be no more than 20 pages, unless the Court orders otherwise. (d) Sur-reply A party opposing a summary judgment motion may file a sur-reply brief only if the movant cites new evidence in the reply or objects to the admissibility of the evidence cited in the response. The sur-reply shall be filed and served within seven days after the movant serves the reply and shall be limited to the new evidence and objections. 63 | Page (e) Citations to Supporting Facts A party shall support each fact asserted in a brief with a citation to a discovery response, a deposition, an affidavit, or other admissible evidence. The evidence shall be in the record or in an appendix to the brief. The citation shall refer to a page or paragraph number or otherwise specify where the relevant information can be found in the supporting evidence. (f) Oral Argument or Hearing The Court may decide a summary judgment motion without oral argument or hearing unless a party has requested a hearing. (g) Notice Requirement for Pro Se Cases The movant shall serve a party that is unrepresented at the time of the filing of a motion for summary judgment with a notice that: (1) briefly and plainly states that a fact stated in the movant's Statement of Material Facts and supported by admissible evidence will be accepted by the Court as true unless the opposing party cites specific admissible evidence contradicting that statement of material fact; and (2) sets forth the full text of Fed.R.Civ.P. 56 and this rule. (h) Compliance The Court may, in the interest of justice or for good cause, excuse failure to comply with this rule.

MULVEY LAW LLC
Attorney for Trustee

By: /s/ Joseph L. Mulvey
Joseph L. Mulvey
MULVEY LAW LLC
133 w. Market St., #274
Indianapolis, IN 46204
(317) 721-1339
joseph@mulveylawllc.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was served via the Court's ECF electronic filing system and via U.S. First Class Mail on this May 28, 2026 to:

Scott Siewert
580 Bermudez Ct.
The Villages, FL 32162-3919

Teresa Siewert
580 Bermudez Ct.
The Villages, FL 32162-3919


/s/ Joseph L. Mulvey
Joseph L. Mulvey (#30052-49)

4