UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE:

RODNEY GRUBBS,                           CASE NO. 23-05593-JJG-7A

        Debtor.

**UNITED STATES TRUSTEE'S MOTION FOR ORDER DIRECTING
FCN BANK TO PRODUCE DOCUMENTS
FOR EXAMINATION PURSUANT TO FED. R. BANKR. P. 2004**

Nancy J. Gargula, United States Trustee ("United States Trustee, or U.S. Trustee"), by Damaris D. Rosich-Schwartz, Trial Attorney, respectfully moves this Court for an Order requiring FCN BANK ("Witness") to produce documents for examination pursuant to Fed. R. Bankr. P. 2004. In support of such request, the U.S. Trustee states:

1.      An involuntary petition for relief under Chapter 7 was filed against Rodney Grubbs ("Debtor") by several petitioning creditors on December 17, 2023.

2.      The Court entered the Order for Relief ("Order for Relief") on February 7, 2024.

3.      The U.S. Trustee began an investigation seeking to discover if facts exist to justify denying the discharge of the Debtor.

4.      Specifically, the U.S. Trustee is reviewing possible fraudulent transfers and concealment of assets.

5.     On May 8, 2024, the U.S. Trustee sent correspondence to the Debtor requesting documents and/or responses.

6.     On May 17 and May 30, 2024, the Debtor provided responses to the U.S. Trustee's correspondence.

7.     Based upon the responses provided by the Debtor, the U.S. Trustee will need to conduct additional discovery from third parties.

8.     The U.S. Trustee requests that the Witness be ordered to provide to the U.S. Trustee at Birch Bayh Federal Building and United States Courthouse, 46 E. Ohio St., Room 520, Indianapolis, IN 46204, documentation described on the attached Exhibit "A" in either hard copy or electronic format.

9.     The issues presented in this matter all relate to the administration of this bankruptcy estate or to the right of the Debtor to obtain or to keep a discharge of the Debtor's debts. The United States Trustee seeks to ascertain whether certain conduct by the Debtor has deviated from the standards established by the Bankruptcy Code, and/or whether those particular actions threaten an abuse of the bankruptcy system or its procedures.

## PRODUCTION OF DOCUMENTS

The United States Trustee requests that the requested documents be produced on or before the date and time indicated below and at the location indicated below, or at such other location, date and time as agreed upon by the United States Trustee and the Witness, in writing.

|  |  |
|---|---|
| **Date:** | September 15, 2024 |
| **Time:** | 4:00 p.m. (EDT) |
| **Place:** | Office of the United States Trustee |

2

Attention: Damaris D. Rosich-Schwartz
Office of the United States Trustee
Birch Bayh Federal Building and U.S. Courthouse
46 E. Ohio St., Room 520
Indianapolis, IN 46204
Via electronic mail to:
Damaris.D.Rosich-Schwartz@usdoj.gov

## ARGUMENT

A.  Standing of the United States Trustee

The United States Trustee is an official of the United States Department of Justice charged by statute with the duty to oversee and supervise the administration of bankruptcy cases. *See* 28 U.S.C. § 586(a). Congress has expressly given the United States Trustee standing under 11 U.S.C. § 307 to raise and be heard on any issue under title 11, except that the United States Trustee may not file a reorganization plan under chapter 11. *See* 11 U.S.C. § 307. *See also In re South Beach Secs,* 606 F.3d 366, 372 (7th Cir. 2010)*; United States Trustee v. Price Waterhouse*, 19 F.3d 138, 141 (3d Cir. 1994). *In re Plaza de Diego Shopping Center*, 911 F.2d 820, 824 (1st Cir. 1990).

"In enacting § 307, Congress did not limit the issues which the United States Trustees may raise to those specifically enumerated in § 586. Rather, Congress used very broad, all-inclusive language to authorize the United States Trustees to raise any issue in any case or proceeding." *In re DeShetler,* 453 B.R. 295, 303 (Bankr. S.D. Ohio 2011). As such, the United States Trustee is not required to demonstrate any concrete, particularized injury under § 307 to assert standing. *See United Artist Theater Co. v. Walton,* 315 F.3d 217, 225 (3d

Cir. 2003). Rather, the United States Trustee may take such actions as she deems necessary under § 307 to protect the public interest in the enforcement of federal bankruptcy law, *In re Clark,* 927 F.2d 793, 796 (4th Cir. 1991), and her broad standing includes seeking and obtaining a Rule 2004 Examination of debtors, creditors and other third parties. *In re DeShetler,* 453 B.R. at 306-307; *In re Youk-See,* 450 B.R. 312, 323 (Bankr. D. Mass. 2001).

Examination Under Fed. R. Bankr. P. 2004

Bankruptcy Rule 2004(a) authorizes any party in interest to move the court for an order to conduct the examination of any entity ("Rule 2004 Examination"). FRBP 2004(a). The scope of a Rule 2004 Examination is quite broad, relating to just about anything that deals with the debtor's actions, assets, liabilities or financial affairs, the debtor's right to a discharge, or any matter affecting the administration of the bankruptcy estate. *In re Sheetz,* 452 B.R. 746, 748 (Bankr. N.D. Ind. 2011). Greater latitude of inquiry is ordinarily permitted in a Rule 2004 Examination than in depositions under the Federal Rules of Civil Procedure, and the examination can legitimately be in the nature of a fishing expedition. *In re Wilcher,* 56 B.R. 428, 433 (Bankr. N.D. Ill. 1985) (citations and quotations omitted); *In re Sheetz,* 452 B.R. at 748.

Authorization of a Rule 2004 Examination is a matter committed to the Court's discretion, and may be granted ex parte. *Id.,* 452 B.R. at 748. Although not required by the specific text of Rule 2004, there should be "sufficient cause" for the examination. *Id.,* 452 B.R. at 749; *In re Symington,* 209 B.R. 678, 687 (Bankr.D.Md.1997). A Rule 2004 Examination is an investigatory tool; its

4

nature is inquisitory rather than accusatory. *Id.* Thus, in determining what constitutes good cause, the rule's purpose as an investigatory device should be kept in mind, and the more closely the request coincides with the purpose of the rule, the less need to scrutinize the request. *In re Sheetz,* 452 B.R. at 749.

   B. <u>Good Cause Exists to Examine the Witness</u>

Based on the reasons asserted in paragraphs 4, 7, and 9, above, the U.S. Trustee believes that further investigation is warranted to determine if the financial affairs of the Debtor have been fully disclosed as required. These issues directly relate to administration of this bankruptcy estate and the integrity of the bankruptcy system. The U.S. Trustee seeks to ascertain whether the conduct of the Debtor deviated from the standards established by the Bankruptcy Code, and/or whether his particular actions threaten an abuse of the bankruptcy system or its procedures. 28 U.S.C. § 528(3)(G); 11 U.S.C. § 307; *In re A-1 Trash Pickup, Inc.*, 802 F.2d 774, 775 (4th Cir. 1996) (Congress intended the United States Trustee to be an enforcer of bankruptcy laws).

WHEREFORE, the U.S. Trustee respectfully requests that the Court issue an order:

1.  Compelling the Witness to produce the documents described on the attached Exhibit "A" on or before the date and time, and at the location, described herein;

2.  Permitting the U.S. Trustee to disclose the Debtor's complete Social Security number to the Witness to properly identify the Debtor in the Witnesses' records; and,

3.  Granting such other and further relief as this Court deems just and proper.

Respectfully submitted,

NANCY J. GARGULA
United States Trustee

By:/s/ Damaris D. Rosich-Schwartz
Damaris D. Rosich-Schwartz
Trial Attorney
United States Department of Justice
Office of the United States Trustee
Birch Bayh Federal Building and
US Courthouse
46 E. Ohio St., Room 520
Indianapolis, IN 46204
Office (317) 226-6101
Fax (317) 226-6356
Damaris.D.Rosich-Schwartz@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on July 18, 2024, a copy of the foregoing UNITED STATES TRUSTEE'S MOTION FOR ORDER DIRECTING FCN BANK TO PRODUCE DOCUMENTS FOR EXAMINATION PURSUANT TO FED. R. BANKR. P. 2004 was filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

Steven Charles Coffaro   steve.coffaro@kmklaw.com

Matthew W. Foster   efiling@fosterlaw.llc, mfoster@isdh.in.gov

Joanne B. Friedmeyer   trustee@friedmeyerlaw.com, jbf@trustesolutions.net

Richard Wayne Greeson   wgreeson@greesonlaw.com, courtdocs@greesonlaw.com, r54890@notify.bestcase.com

Kyle Halbleib   kyle.halbleib@atg.in.gov, marie.baker@atg.in.gov

James D. Johnson   jdjohnson@jacksonkelly.com, abigail.luckett@jacksonkelly.com

Joseph L. Mulvey   joseph@mulveylawllc.com, linda@mulveylawllc.com

James O'Connor   jjo@barrettlaw.com

I further certify that on July 18, 2024, a copy of the foregoing UNITED STATES TRUSTEE'S MOTION FOR ORDER DIRECTING FCN BANK TO PRODUCE DOCUMENTS FOR EXAMINATION PURSUANT TO FED. R. BANKR. P. 2004 was mailed by first-class U.S. Mail, postage prepaid, and properly addressed to the following:

FCN Bank
Attention Vickie Lintz
501 Main Street

7

Brookville, IN 47012

Rodney Grubbs
316 East 11th Street
Brookville, IN 47012

                          Respectfully submitted,

                          NANCY J. GARGULA
                          United States Trustee

                          By:/s/ Damaris D. Rosich-Schwartz
                          Damaris D. Rosich-Schwartz
                          Trial Attorney
                          United States Department of Justice
                          Office of the United States Trustee
                          Birch Bayh Federal Building and
                          U.S. Courthouse
                          46 E. Ohio St., Room 520
                          Indianapolis, IN 46204
                          Office (317) 226-6101
                          Fax (317) 226-6356
                          Damaris.D.Rosich-Schwartz@usdoj.gov

**EXHIBIT A TO THE UNITED STATES TRUSTEE'S MOTION
FOR ORDER DIRECTING FCN BANK TO PRODUCE DOCUMENTS
FOR EXAMINATION PURSUANT TO FED. R. BANKR. P. 2004**

Please produce the documents listed below for **all accounts** at FCN BANK bearing the signatory authority of, in the name(s) of, and/or owned by any of the following:

(A) Rodney Grubbs SSN: XXX-XX-2962;
(B) All About Pickleball, LLC, DBA Pickleball Rocks;
(C) New Level Financial Group;
(D) Your Business Ignited, LLC; and
(E) Visionary Holdings, LLC
(collectively the "Parties")

specifically including, but not limited to, the accounts bearing the account numbers ending in 1322; 3463; 4071; and 7979.

For documents that are generated at regular intervals, such as account statements, including items which would be reflected on those statements such as deposit tickets and canceled checks, please only produce documents created during the period beginning **June 1, 2020, through the present**. For documents created on an irregular basis, such as account opening documents and signature cards, please produce those documents regardless of the document creation date.

1. All documents pertaining to all **open or closed checking, savings, NOW, Time, or other deposit or checking accounts** in the name of or under signature authority of any of the named Parties or entities including, but not limited to:
   a) Account application and opening documents (including corporate authorizations or resolutions, if applicable);
   b) Signature cards;
   c) Bank account monthly statements;
   d) Canceled checks (front and back);
   e) Deposit tickets;
   f) Items deposited and items withdrawn; and,
   g) Credit and debit memos.

2. All documents pertaining to **active/open or closed (paid off or written off) bank loans or mortgage documents**, reflecting loans made to or cosigned by any of the named Parties or entities including, but not limited to:

9

a) Loan applications, Loan ledger sheets, Loan Agreements, closing or settlement statements;

b) Documents (checks, debit memos, cash in tickets, wires in, deposits and the like) reflecting the means by which loan repayments were made;

c) Documents (bank checks, credit memos, cash out tickets, wires out, deposits and the like) reflecting disbursement of the loan proceeds;

d) Documents, financial statements, tax returns or other materials used in making bank loan or mortgage decisions; and,

e) Documents reflecting past-due amounts, collection of outstanding amounts, foreclosure complaints or debt collection civil litigation actions.

3. **Loan correspondence files** including, but not limited to:
a) Letters or electronic correspondence to and from the Parties;
b) Collateral agreements and documents;
c) Credit reports;
d) Financial statements;
e) Notes or other instruments reflecting the obligation to pay;
f) Real estate mortgages, chattel mortgages, or other security instruments for loans;
g) Forms 1099, 1098, or back-up withholding documents; and,
h) Loan amortization statements.

4. All documents pertaining to **Certificates of Deposit (CDs) purchased or redeemed** by any of the named Parties or entities including, but not limited to:
a) Copies of the certificates;
b) Corporate board authorization minutes or partnership resolutions;
c) Documents (checks, debit memos, cash in tickets, wires in, deposits, ACH transfers and the like) reflecting the means by which the CD was purchased;
d) Documents (bank checks, credit memos, cash out tickets, wires out, deposits and the like) reflecting disbursement of the proceeds of any negotiated CD;
e) Records reflecting interest earned, withdrawn or reinvested;
f) Records reflecting roll-overs; and,
g) Forms 1099, 1098, or back-up withholding documents.

5. All documents pertaining to **open or closed investment or security custodian accounts, IRA, Keogh, or other retirement plan accounts** in the name of or for the benefit of any of the named Parties or entities including, but not limited to:
a) Documents (checks, debit memos, cash in tickets, wires in, etc.) reflecting the means by which the security was purchased;

b) Documents (bank checks, credit memos, cash out tickets, wires out, etc.) reflecting disbursement of the proceeds of any negotiated securities;

c) Documents and confirmation slips for investments, transfers, and redemptions;

d) Monthly, quarterly, and annual account statements;

e) Statement of Annual Interest Paid or Earned;

f) Payment receipts;

g) Safekeeping records and logs;

h) Receipts for receipt or delivery of securities;

i) Forms 1099, 1098, or back-up withholding documents; and,

j) Customer correspondence files for each of the named Parties and entities.

6. All documents pertaining to all **bank drafts, cashier's or teller's checks, manager's checks, bank checks, traveler's checks, and money orders purchased or negotiated** by any of the named Parties or entities including, but not limited to:

a) Documents (checks, debit memos, cash in tickets, wires in, deposits, ACH transfers and the like) reflecting the means by which the checks or money orders were purchased;

b) Documents (bank checks, credit memos, cash out tickets, wires out, deposits and the like) reflecting disbursement of the proceeds of any negotiated checks or money orders;

c) Applications for purchase of checks or money orders; and,

d) Retained copies of negotiated checks or money orders

7. All documents pertaining to **wire transfers sent or received** by any of the named Parties or entities including, but not limited to:

a) Fed Wire, CHIPS, SWIFT, ACH (Automated Clearing House), EFT (Electronic Funds Transfer) or other money/funds transfer or message documents;

b) Documents (checks, debit memos, cash in tickets, wires in, and the like) reflecting the source of the funds wired out;

c) Documents (bank checks, credit memos, cash out tickets, wires out, and the like) reflecting the ultimate disposition within the bank of the funds wired in;

d) Notes, memoranda, or other writings pertaining to the sending or receipt of wire transfers; and,

e) Customer instructions or applications for a wire transfer or funds transfer.

8. All documents pertaining to **current or expired safe deposit box rentals** by or under the signatory authority of any of the named Parties or entities including, but not limited to:

a) Contracts, agreements, applications, signature cards and entry/access records;

11

b) Payment records reflecting rental fees charged and payments made; and,

c) Notice of drilling for non-payment, inventory of contents, memoranda and correspondence, photographs of contents, or similar records.

9. All documents pertaining to **open or closed bank credit cards** in the name, or under the signatory authority, of any of the named Parties or entities including, but not limited to:

a) Applications for credit;

b) Credit reports;

c) Monthly statements;

d) Financial statements submitted for credit consideration;

e) Charge tickets;

f) Documents (checks, debit memos, cash in tickets, wires in, deposits, ACH transfers and the like) reflecting payments on the account; and,

g) Correspondence files.

## INSTRUCTIONS FOR ELECTRONIC PRODUCTION

Electronically stored records **shall be** produced in electronic form and must include those records held both in the financial institution's record retention systems; and/or by your financial institution's third-party technology/data storage contractor, vendor or other service provider(s). *All records must be provided in a NON-proprietary format.*

Please produce image data and other materials in graphic data files in a non-proprietary or commonly readable format with the highest image quality maintained and linked to corresponding text data (e.g., date, time, account, transaction number, etc.) by a unique identifier.

If you have questions or concerns, contact Damaris D. Rosich-Schwartz at Damaris.D.Rosich-Schwartz@usdoj.gov  or at 317-226-5709.