UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE:<br><br>RODNEY GRUBBS,<br><br>　　Debtor. | CASE NO. 23-05593-JJG-7A |

**UNITED STATES TRUSTEE'S MOTION FOR ORDER DIRECTING
DEBTOR TO APPEAR FOR EXAMINATION PURSUANT TO
FED. R. BANKR. P. 2004 AND TO PRODUCE DOCUMENTS**

Nancy J. Gargula, United States Trustee ("United States Trustee"), by Damaris D. Rosich-Schwartz, Trial Attorney, respectfully moves this Court for an Order requiring Rodney Grubbs ("Debtor") to appear for an examination pursuant to Fed. R. Bankr. P. 2004. In support of such request, the United States Trustee states:

1. An involuntary petition for relief under Chapter 7 was filed against Rodney Grubbs ("Debtor") by several petitioning creditors on December 17, 2023.

2. The Court entered the Order for Relief ("Order for Relief") on February 7, 2024.

3. The U.S. Trustee began an investigation seeking to discover if facts exist to justify denying the discharge of the Debtor.

4. On May 8, 2024, the U.S. Trustee sent correspondence to the Debtor requesting documents and/or responses.

5. On May 17 and May 30, 2024, the Debtor provided partial responses to the U.S. Trustee's correspondence.

6. Based upon the responses provided by the Debtor, the U.S. Trustee conducted additional discovery from third parties.

7. On July 18, 2024, the United States Trustee filed her Motion for Order Directing FCN Bank to Produce Documents for Examination Pursuant to Fed. R. Bankr. P. 2004 ("FCN Motion for Rule 2004") (Docket No. 197).

8. On July 18, 2024, the United States Trustee filed her Motion for Order Directing US Bank National Association to Produce Documents for Examination Pursuant to Fed. R. Bankr. P. 2004 ("US Bank Motion for Rule 2004) (Docket No. 198).

9. On July 25, 2024, the Court granted the FNC and the US Bank Motions for Rule 2004 ("Rule 2004 Orders") (Docket Nos. 213 and 214).

10. The United States Trustee received documents from FCN Bank and from US Bank National Association pursuant to the Rule 2004 Orders and has determined that additional discovery from the Debtor is necessary.

11. The United States Trustee desires to examine the Debtor regarding his financial affairs as required to be disclosed in the Debtor's bankruptcy petition, schedules, and statement of financial affairs. The topics of the proposed examination would include, but not be limited to, pre-petition sources of income, pre-petition transactions, along with the ownership of both real and personal property.

12. Specifically, the United States Trustee is reviewing pre-petition and post-petition financial and business transactions, as well as possible concealment of income and assets in this matter. The issues presented in this

matter all relate to the administration of this bankruptcy estate or to the right of the Debtor to obtain or to keep a discharge of the Debtor's debts. The United States Trustee seeks to ascertain whether certain conduct by the Debtor has deviated from the standards established by the Bankruptcy Code, and/or whether those particular actions threaten an abuse of the bankruptcy system or its procedures.

13.    The United States Trustee also requests that the Debtor be ordered to provide to the United States Trustee at 46 E. Ohio St., Room 520, Indianapolis, IN 46204, one week prior to the scheduled 2004 Examination, copies of the documentation described on the attached Exhibit "A" in either hard copy or electronic format.

## PRODUCTION OF DOCUMENTS

The United States Trustee requests that the requested documents be produced on or before the date and time indicated below and at the location indicated below, or at such other location, date and time as agreed upon by the United States Trustee and the Debtor, in writing.

| | |
|---|---|
| **Date:** | December 23, 2023 |
| **Time:** | 4:00 p.m. (EST) |
| **Place:** | Office of the United States Trustee |
| | Attention: Damaris D. Rosich-Schwartz |
| | Office of the United States Trustee |
| | 46 E. Ohio St., Room 520 |
| | Indianapolis, IN 46204 |

## APPEARANCE FOR EXAMINATION

The United States Trustee moves the Court to order that the 2004 Examination occur at the place, date and time noted below, or at an alternative

date, time and place as agreed upon by the United States Trustee and the

Debtor, in writing.

> **Date:**    December 30, 2024
> **Time:**    10:00 a.m. (EST)
> **Place:**    By video conference to be arranged by the United States Trustee or, if the video conference becomes impracticable, telephonically – (877)-988-1312 Participant Code: 6679375 (or at such time and place as agreed upon by the parties)[1]

**This Rule 2004 Examination will be taken using a video connection, before a court reporter who will not be in the same location as the witness. Failure to file an objection to this Motion will constitute consent that the examination may be taken remotely before this court reporter, with the same effect as under Fed. R. Bankr. P. 7029 and 9014.**

**ARGUMENT**

A.  <u>Standing of the United States Trustee</u>

The United States Trustee is an official of the United States Department of Justice charged by statute with the duty to oversee and supervise the administration of bankruptcy cases. *See* 28 U.S.C. § 586(a). Congress has expressly given the United States Trustee standing under 11 U.S.C. § 307 to raise and be heard on any issue under title 11, except that the United States Trustee may not file a reorganization plan under chapter 11. *See* 11 U.S.C. § 307. *See also In re South Beach Secs,* 606 F.3d 366, 372 (7th Cir. 2010)*; United States Trustee v. Price Waterhouse,* 19 F.3d 138, 141 (3d Cir. 1994). *In re Plaza de Diego Shopping Center,* 911 F.2d 820, 824 (1st Cir. 1990).

---

[1] The United States Trustee will supply information to the Debtor on how to access the video examination closer to the date of the examination.

"In enacting § 307, Congress did not limit the issues which the United States Trustees may raise to those specifically enumerated in § 586. Rather, Congress used very broad, all-inclusive language to authorize the United States Trustees to raise any issue in any case or proceeding." *In re DeShetler,* 453 B.R. 295, 303 (Bankr. S.D. Ohio 2011). As such, the United States Trustee is not required to demonstrate any concrete, particularized injury under § 307 to assert standing. *See United Artist Theater Co. v. Walton,* 315 F.3d 217, 225 (3d Cir. 2003). Rather, the United States Trustee may take such actions as she deems necessary under § 307 to protect the public interest in the enforcement of federal bankruptcy law, *In re Clark,* 927 F.2d 793, 796 (4th Cir. 1991), and her broad standing includes seeking and obtaining a Rule 2004 Examination of Debtor, creditors and other third parties. *In re DeShetler,* 453 B.R. at 306-307; *In re Youk-See,* 450 B.R. 312, 323 (Bankr. D. Mass. 2001).

<u>Examination Under Fed. R. Bankr. P. 2004</u>

Bankruptcy Rule 2004(a) authorizes any party in interest to move the court for an order to conduct the examination of any entity ("Rule 2004 Examination"). Fed. R. Bankr. P. 2004(a). The scope of a Rule 2004 Examination is quite broad, relating to just about anything that deals with the debtor's actions, assets, liabilities or financial affairs, the debtor's right to a discharge, or any matter affecting the administration of the bankruptcy estate. *In re Sheetz,* 452 B.R. 746, 748 (Bankr. N.D. Ind. 2011). Greater latitude of inquiry is ordinarily permitted in a Rule 2004 Examination than in depositions under the Federal Rules of Civil Procedure, and the examination can

legitimately be in the nature of a fishing expedition. *In re Wilcher,* 56 B.R. 428, 433 (Bankr. N.D. Ill. 1985) (citations and quotations omitted); *In re Sheetz,* 452 B.R. at 748.

Authorization of a Rule 2004 Examination is a matter committed to the Court's discretion and may be granted ex parte. *Id.,* 452 B.R. at 748. Although not required by the specific text of Rule 2004, there should be "sufficient cause" for the examination. *Id.,* 452 B.R. at 749; *In re Symington,* 209 B.R. 678, 687 (Bankr. D. Md. 1997). A Rule 2004 Examination is an investigatory tool; its nature is inquisitory rather than accusatory. *Id.* Thus, in determining what constitutes good cause, the rule's purpose as an investigatory device should be kept in mind, and the more closely the request coincides with the purpose of the rule, the less need to scrutinize the request. *In re Sheetz,* 452 B.R. at 749.

B.   Good Cause Exists to Examine Debtor(s)

Based on the reasons asserted in paragraphs 11 and 12 above, the United States Trustee believes that further investigation is warranted to determine if the financial affairs of the Debtor have been fully disclosed as required. These issues directly relate to the administration of this bankruptcy estate and the integrity of the bankruptcy system. The United States Trustee seeks to ascertain whether the conduct of the Debtor deviated from the standards established by the Bankruptcy Code, and/or whether the Debtor's particular actions threaten an abuse of the bankruptcy system or its procedures. 28 U.S.C. § 528(3)(G); 11 U.S.C. § 307; *In re A-1 Trash Pickup, Inc.,*

6

802 F.2d 774, 775 (4th Cir. 1996) (Congress intended the United States Trustee to be an enforcer of bankruptcy laws).

WHEREFORE, the United States Trustee respectfully requests that the Court issue an order:

1.   Compelling the Debtor to produce the documents described on the attached Exhibit "A" on or before the date and time, and at the location, described herein;

2.   Compelling the Debtor to appear for an examination at the date, time and location set forth herein, to answer any and all questions regarding the documents and the topics described above; and,

3.   Granting such other and further relief as this Court deems just and proper.

Respectfully submitted,

NANCY J. GARGULA
United States Trustee

By: /s/ Damaris D. Rosich-Schwartz
Damaris D. Rosich-Schwartz
Trial Attorney
United States Department of Justice
Office of the United States Trustee
46 E. Ohio St., Room 520
Indianapolis, IN 46204
Office 317-226-6101
Damaris.D.Rosich-Schwartz@usdoj.gov

7

## CERTIFICATE OF SERVICE

I hereby certify that on November 20, 2024 a copy of the foregoing UNITED STATES TRUSTEE'S MOTION FOR ORDER DIRECTING DEBTOR TO APPEAR FOR EXAMINATION PURSUANT TO FED. R. BANKR. P. 2004 AND TO PRODUCE DOCUMENTS was filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

Steven Charles Coffaro   steve.coffaro@kmklaw.com

Matthew W. Foster   efiling@fosterlaw.llc, mfoster@isdh.in.gov

Joanne B. Friedmeyer   trustee@friedmeyerlaw.com,

jbf@trustesolutions.net

Richard Wayne Greeson   wgreeson@greesonlaw.com,
courtdocs@greesonlaw.com
r54890@notify.bestcase.com

Kyle Halbleib   kyle.halbleib@atg.in.gov,
marie.baker@atg.in.gov

James D. Johnson   jdjohnson@jacksonkelly.com,
abigail.luckett@jacksonkelly.com

Chacey R. Malhouitre   chacey.malhouitre@jacksonkelly.com,
ble@jacksonkelly.com,
crford@ecf.courtdrive.com,
gina.morse@jacksonkelly.com

Joseph L. Mulvey   joseph@mulveylawllc.com,
linda@mulveylawllc.com

James O'Connor   jjo@barrettlaw.com

Michael David Wilhelm   mwilhelm@defur.com

I further certify that on November 20, 2024 a copy of the foregoing UNITED STATES TRUSTEE'S MOTION FOR ORDER DIRECTING DEBTOR TO APPEAR FOR EXAMINATION PURSUANT TO FED. R. BANKR. P. 2004 AND TO PRODUCE DOCUMENTS was mailed by first-class U.S. Mail, postage prepaid, and properly addressed to the following:

8

Rodney Grubbs
316 East 11th Street
Brookville, IN 47012

<u>/s/ Damaris D. Rosich-Schwartz</u>
Damaris D. Rosich-Schwartz
Trial Attorney

9

**EXHIBIT "A" TO THE UNITED STATES TRUSTEE'S MOTION FOR ORDER DIRECTING DEBTOR TO APPEAR FOR EXAMINATION PURSUANT TO FED. R. BANKR. P. 2004 AND TO PRODUCE DOCUMENTS**

1. Copies of federal and state tax returns, for tax years 2020, 2021, 2022, and 2023, including but not limited to: all associated schedules, K-1's, forms related to the tax returns, and attachments to the tax returns, 1099s, including, but not limited to 1099-INTs received, or issued to any creditors and/or investors, by the following entities (collectively "Business Entities"):

   a. All About Pickleball, LLC, DBA Pickleball Rocks;
   b. New Level Financial Group;
   c. Your Business Ignited, LLC;
   d. Visionary Holdings, LLC; and
   e. Any other business entity owned, controlled, and/or operated by you and/or your spouse in the last four years.

2. Copies of any and all bank or other financial institution account statements for all financial institution accounts held in your name or your spouse's name, or which were controlled, owned, or used by you and/or your spouse, from January 1, 2020, to present, including but not limited to:

   a. US Bank checking account ending # 0133;
   b. US Bank checking account ending # 0158;
   c. US Bank checking account ending # 0232;
   d. Any other bank or financial institution account held, controlled, owned, or used by you and/or your spouse, in the last four years.

3. Copies of any and all bank or other financial institution account statements held in the name of any of the Business Entities or controlled, owned, or used by the Business Entities, from January 1, 2020, to present.

4. Copies of all canceled checks and deposit tickets for all financial account statements produced pursuant to ¶¶ 2 and 3 above, and for the following:

   a. FCN checking account ending # 1322;
   b. FCN checking account ending # 3463;
   c. FCN checking account ending # 4071; and
   d. FCN savings account ending # 7979.

10

5. Copies of any and all other electronic financial account and/or wallet statements or transaction logs for accounts held in your name or your spouse's name, or controlled, owned or used by you or your spouse, for any cryptocurrency (including, but not limited to, BitCoin and Etherium) whether held in a wallet such as Coinbase or otherwise, Cashapp, Venmo, Paypal, Shopify, or any other similar account, from January 1, 2020, to present.

6. Copies of any and all financial account statements from January 1, 2020, to December 31, 2021, and from January 1, 2023, to December 31, 2023, for any annuities, 401(k)s, investments, IRAs, or Roth IRA accounts, pensions, or other profit sharing plans owned by or controlled by you or your spouse, and any such plans or accounts in which you are a beneficiary, including, but not limited to, the Equity Trust Company IRA account ending # 2569.

7. Copies of the complaints or petitions from any and all lawsuits or similar legal proceedings, filed against you from January 1, 2020, to present.

### INSTRUCTIONS FOR ELECTRONIC PRODUCTION

Electronically stored records **shall be** produced in electronic form and must include those records held both in the financial institution's record retention systems; and/or by your financial institution's third-party technology/data storage contractor, vendor or other service provider(s). *All records must be provided in a NON-proprietary format.*

Please produce **image data and other materials** in graphic data files in a non-proprietary or commonly readable format with the highest image quality maintained and linked to corresponding text data (e.g., date, time, account, transaction number, etc.) by a unique identifier.

If you have questions or concerns, contact Damaris D. Rosich-Schwartz at Damaris.D.Rosich-Schwartz@usdoj.gov or at 317-226-5709.